IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOWARD SNIDER,<br><br>             Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration;<br><br>             Defendant. | 7:11CV5003<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(a), (d), Filing No. 18. Defendant has no objection to plaintiff's request for attorney fees under the EAJA in the amount of $2,503.43. Filing No. 20.

The EAJA, 28 U.S.C. § 2412 (2006), provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact. *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of

attorney fees and expenses unjust. *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

Only reasonable fees and expenses may be awarded under the Act. 28 U.S.C. §§ 2412 (d)(1)(A), 2412 (d)(2)(A). Fees are to be based on "prevailing market rates for the kind and quality of the services furnished," and attorney fees in excess of $125.00 per hour cannot be awarded unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412 (d)(2)(A) (ii).

The court finds the plaintiff is a prevailing party. The plaintiff proffers, consistent with the record, that his net worth does not exceed $2,000,000. Filing No. 18. Plaintiff requests fees totaling $2,503.43, representing 13.8 hours at the rates of $181.88 and $181.38 per hour. *Id.* The court finds that the increase in the cost of living justifies a higher fee than $125.00 per hour. The plaintiff has shown that the amount of $125.00, when adjusted for the escalation of the cost of living since 1996, equates to approximately $181.00 in today's dollars. *See* http://www.bls.gov/data (Consumer Price Index data). Based on its familiarity with prevailing rates in this community, the court finds that plaintiff's counsel's rates are reasonable for cases of this complexity.

The court finds that plaintiff has shown he is entitled to EAJA fees in the amount of $2,503.43. The court also finds that there are no special circumstances that would make this award unjust. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010), the EAJA fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States. The plaintiff requests that

the check awarding fees under the EAJA be sent to the address for counsel of record. Accordingly,

    IT IS ORDERED:

    1.    Plaintiff's application for attorney fees (Filing No. [18](#)) is granted.

    2.    A judgment for attorney fees under the EAJA in the amount of $2,503.43 will be entered this date.

    DATED this 19th day of November, 2012.

    BY THE COURT:

    s/ Joseph F. Bataillon
    United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.